UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARY LEDET,**<br>   Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3697** |
| **BOARD OF TRUSTEES OF TRANSIT MANAGEMENT OF SOUTHEAST LOUISIANA, INC. RETIREMENT INCOME PLAN,**<br>   Defendant | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is a motion to remand filed by Plaintiff Mary Ledet ("Plaintiff").[1] Defendant Board of Trustees of Transit Management of Southeast Louisiana, Inc. Retirement Income Plan ("Defendant") filed an opposition to the motion.[2]

## BACKGROUND

On May 13, 2022, Plaintiff filed suit against Defendant in the Civil District Court for the Parish of Orleans seeking unpaid pension payments based on the employment of her late husband.[3] In her petition for damages, Plaintiff brings the following claims under Louisiana law: (1) breach of contract; (2) stipulation pour autrui; (3) detrimental reliance and/or promissory estoppel; (4) breach of fiduciary duty; (5) negligence; and (6) conversion.[4] Plaintiff also brings the following claims under the Employee Retirement Income Security Act ("ERISA"): (1) a claim for unpaid benefits pursuant to ERISA § 502(a)(1)(b); and (2) breach of fiduciary duty under ERISA §

---

[1] R. Doc. 7.
[2] R. Doc 8.
[3] R. Doc. 6-1.
[4] *Id.* at pp. 2-4.

1

502(a)(3), seeking all equitable remedies, including but not limited to surcharge, injunction, and accounting.[5]

Plaintiff served Defendant with the petition for damages on June 23, 2022.[6] On October 6, 2022, Defendant filed a notice of removal in this Court.[7] On October 24, 2022, Plaintiff filed the instant motion to remand on the basis that Defendant's notice of removal was untimely.[8] On November 1, 2022, Defendant timely filed an opposition.[9]

## LEGAL STANDARD

In ruling on a motion to remand, the court "must presume that a suit lies outside th[e court's] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."[10] "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute."[11] "District courts within the Fifth Circuit have closely adhered to the requirements for removal under § 1446."[12] "The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts."[13] "Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand."[14] "District courts have no power to overlook procedural errors relating to the notice of removal;

---

[5] *Id.* at p. 4. Plaintiff also outlined a separate court for an accounting (count nine). *Id.* However, because Plaintiff also seeks an accounting in count eight, the Court did not repeat this claim. *Id.* Additionally, Plaintiff seeks attorney's fees pursuant to ERISA § 502(g)(1). *Id.*
[6] R. Doc. 7-1.
[7] R. Doc. 1.
[8] R. Doc. 7.
[9] R. Doc. 8.
[10] *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. Of Am.,* 511 U.S. 375, 377 (1994)).
[11] *Roth v. Kiewit Offshore Servs., Ltd.,* 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008).
[12] *Tilley v. Tisdale,* 914 F. Supp. 2d 846, 849 (E.D. Tex. 2012).
[13] *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 922 (5th Cir. 1997).
[14] *Tilley,* 914 F. Supp. 2d at 850.

2

instead, a district court must remand a case which was removed pursuant to a procedurally defective notice."[15]

28 U.S.C. § 1446(b)(1) requires

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.[16]

## **LAW AND ANALYSIS**

Plaintiff seeks remand because Defendant's notice of removal was untimely.[17] Defendant acknowledges its notice of removal was untimely.[18] First, however, Defendant argues it did not timely file the notice of removal because it detrimentally relied on an agreement with Plaintiff in which Plaintiff agreed to give Defendant an extension of "a reasonable amount of time to review the suit and file responsive pleadings."[19] Second, Defendant argues that, regardless of the untimely removal, federal courts have exclusive jurisdiction over ERISA claims and that remand would be improper.[20] For the foregoing reasons, the Court denies the motion.

At the outset, the Court will identify whether it has exclusive or concurrent jurisdiction over Plaintiff's ERISA claims under 29 U.S.C. 1332(e)(1).[21] If the Court has exclusive jurisdiction, remand on the basis of untimeliness is improper.[22] If the Court has

---

[15] *Harden v. Field Mem. Cnty. Hosp.*, 516 F.Supp.2d 600, 606 (S.D. Miss.2007) (citing *Shamrock Oil & Gas Corp.*, 313 U.S. 100, 108-09 (1941)).
[16] 28 U.S.C. § 1446(b)(1) (2018).
[17] R. Doc. 7.
[18] R. Doc. 8 at p. 1.
[19] R. Doc. 7-2 at p. 1.
[20] *Id.*
[21] 29 U.S.C. § 1332(e)(1) (2018).
[22] *Barefield v. State Farm & Cas. Co.*, 296 F. Supp. 2d 741, 744 (S.D. Tex. 2003); *Stipelcovich v. Directv, Inc.*, 129 F. Supp. 2d 989, 994 (E.D. Tex. 2001).

concurrent jurisdiction with state courts, the Court may consider the issue of timeliness and decide whether remand is proper.[23]

I. **The Court Has Exclusive Jurisdiction Over At Least One of Plaintiff's ERISA Claims.**

This Court has exclusive jurisdiction over ERISA enforcement claims detailed in 29 U.S.C. § 1332(e)(1).[24] Section 1332(e)(1) provides in full:

> Except for actions under subsection (a)(1)(B) of this Section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.[25]

Put another way, "the federal courts have exclusive jurisdiction over all Section 502 claims except those arising under (a)(1)(b), over which state courts have concurrent jurisdiction."[26] Subsection (a)(3), over which the Court has exclusive jurisdiction, states a civil action may be brought by a beneficiary "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."[27] "[T]he text of ERISA makes it clear that the relief sought must be 'appropriate equitable relief,' not legal relief."[28] "[T]he Supreme Court has repeatedly defined 'appropriate equitable relief' as 'those categories of relief that were *typically* available in equity.'"[29] Accordingly, the question for the Court is

---

[23] *See id.*
[24] 29 U.S.C. § 1332(e)(1).
[25] *Id.*
[26] *Calamia v. Spivey*, 632 F.2d 1235, 1237 (5th Cir. 1980).
[27] 29 U.S.C. § 1332(a)(1)(b).
[28] *Cent. States, Se. and Sw. Areas Health & Welfare Fund ex rel. Bunte v. Health Special Risk, Inc.*, 756 F.3d 356, 360 (5th Cir. 2014).
[29] *Id.*

4

whether Plaintiff has stated such a claim for "appropriate equitable relief" over which this Court has exclusive jurisdiction under Section 502(a)(3).[30]

The Fifth Circuit has held that surcharge,[31] injunction,[32] and an accounting[33] are forms of equitable relief available to plaintiffs for a breach of fiduciary duty claim under ERISA. In her state court petition, Plaintiff's eighth count states:

> Plaintiff makes a claim for breach of fiduciary duty under ERISA § 502(a)(3) for failure to keep and maintain adequate records, for failure to pay sums due to the plaintiff and paid to defendant for her benefit, for failure to treat plaintiff as a beneficiary, and any other acts or omissions which may [be] revealed by discovery in this matter. Plaintiff seeks all available equitable remedies, including but not limited to surcharge, injunction, and accounting.[34]

Plaintiff has stated claims for forms of "appropriate equitable relief"—namely surcharge, injunction, and an accounting—under Section 502(a)(3), and as a result, this Court has exclusive jurisdiction over Plaintiff's claims arising under this section.

Having found the Court has exclusive jurisdiction over Plaintiff's Section 502(a)(3) claim, the Court need not reach the issue of timeliness of removal as to this claim. The Court acknowledges Defendant's removal to federal court was untimely. However, where a federal court has exclusive jurisdiction over a plaintiff's claim, as it does here, the

---

[30] *Id.*
[31] *N.Y. State Psychiatric. Ass'n, Inc. v. UnitedHealth Grp.*, 798 F.3d 125, 134-35 (2d Cir. 2015) ("We add that where, as here, a plan participant brings suit against a 'plan fiduciary (whom ERISA typically treats as a trustee)' for breach of fiduciary duty relating to the terms of a plan, any resulting injunction coupled with 'surcharge'—'monetary "compensation" for a loss resulting from a fiduciary's breach of duty, or to prevent the fiduciary's unjust enrichment'— constitutes equitable relief under § 502(a)(3).") (collecting cases, noting "[e]very sister circuit that has considered the issue is in accord," including the Fifth Circuit); *see also Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (reaching the same conclusion, and cited by the court in *UnitedHealth*).
[32] *Id.*
[33] *Humphrey v. United Way of the Tex. Gulf Coast*, CIV. A. H-05-758, 2010 WL 4791486, at *16 (S.D. Tex. Nov. 15, 2010) ("An order requiring an accounting is appropriate for a breach of fiduciary duty or a claim for relief under Section 502(a)(3) of ERISA.") (citing *Old Sec. Life Ins. Co. v. Cont'l Ill. Bank and Trust Co. of Chi.*, 740 F.2d 1384, 1397 (2d Cir. 1984) (breach of fiduciary duty) and *Dunnigan v. Metropolitan Life Ins. Co.*, 214 F.R.D. 125, 135 (S.D. N.Y. 2003) (Section 502(a)(3))).
[34] R. Doc. 6-1 at p. 4.

question of timeliness is irrelevant because the state court lacks jurisdiction entirely.[35] The Court refrains from further discussing the issue of timeliness, as remand to state court would be fruitless.[36] Accordingly, the Court now considers whether it has jurisdiction over Plaintiff's remaining claims.

## II. The Court Exercises Concurrent and Supplemental Jurisdiction Over Plaintiff's Remaining Claims.

The Court has concurrent and supplemental jurisdiction over Plaintiff's additional claims. First, federal courts have concurrent jurisdiction with state courts over ERISA claims arising under Section 502(a)(1)(b).[37] The Court exercises its concurrent jurisdiction over Plaintiff's ERISA claim for unpaid benefits—count seven of Plaintiff's state court petition.[38]

Second, the Court exercises supplemental jurisdiction over Plaintiff's state law claims—counts one through six. It is well-settled that "once the court has proper removal jurisdiction over a federal claim, it may exercise supplemental jurisdiction over state law claims."[39] Supplemental jurisdiction is governed by 28 U.S.C. § 1367(a), which reads in pertinent part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction of all the other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.[40]

---

[35] *Barefield*, 296 F. Supp. 2d at 744 ("Since there is no state court jurisdiction over this case [because the federal court has exclusive jurisdiction], the timeliness of Defendant's removal is irrelevant and is not reached."); *Stipelcovich*, 129 F. Supp. 2d at 994 ("This Court agrees that it would be fruitless to remand for untimeliness a claim over which [the] federal district court holds exclusive jurisdiction."); *May v. Apache Corp.*, 870 F. Supp. 2d 454, 457 (S.D. Tex. 2012) ("Where federal courts maintain exclusive jurisdiction, the claims are not subject to remand. Such a remand would be futile in that the state court would have to dismiss the . . . claims for lack of jurisdiction.") (internal citations omitted).
[36] *Id.*
[37] 29 U.S.C. §§ 1332(a)(1)(b), (e)(1).
[38] R. Doc. 6-1 at p. 4.
[39] *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999).
[40] 28 U.S.C. § 1367(a) (2018).

If a court has supplemental jurisdiction over the related claims, the court must then determine whether a discretionary remand is warranted.[41] Under 28 U.S.C. § 1367(c), a district court may, in its discretion, remand related claims if (1) "the claim raises a novel or complex issue of State law;" (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;" (3) "the district court has dismissed all claims over which it has original jurisdiction;" or (4) "in exceptional circumstances, there are compelling reasons for declining jurisdiction."[42] In addition, the Court should consider whether the common law factors, including "the interests of judicial economy, fairness, convenience, and comity," favor remand.[43] None of the statutory nor common law factors are dispositive; instead, the Court must balance the factors.[44]

It is clear that Plaintiff's state law claims are so related to the ERISA equitable relief claim that they form part of the same case or controversy, as all of Plaintiff's state law claims relate to the pension payments allegedly owed by Defendant.[45] Accordingly, the remaining question for the Court is whether a discretionary remand of Plaintiff's state law claims is proper. The Court finds it is not.

Neither party raises the issue of whether a discretionary remand of Plaintiff's state law claims would be proper. As a result, the Court refrains from making arguments on

---

[41] *May*, 870 F. Supp. 2d at 458-59. Neither party raised the issue of whether a discretionary remand was proper. Nonetheless, the Court has an ongoing duty to assess its subject matter jurisdiction. *Clapper v. Am. Realty Investors, Inc.*, No. 3:14-CV-2970-L, 2019 WL 5684436, at *5 (N.D. Tex. Oct. 31, 2019).
[42] *Id.* at 459-60.
[43] *Burnett v. Petrol. Geo-Servs., Inc.*, No. 3:12-CV-4499-D, 2013 WL 1723011, at *6 (N.D. Tex. Apr. 22, 2013)
[44] *Bailey v. Blue Cross & Blue Shield of Tex., Inc.*, No. 4:21-cv-0917, 2022 WL 1216308, at *12 (S.D. Tex. Jan. 14, 2022).
[45] R. Doc. 6-1 at pp. 2-4.

Plaintiff's behalf.[46] Even so, having considered the statutory and common law factors, the Court chooses to retain its supplemental jurisdiction over Plaintiff's state law claims. The 28 U.S.C. § 1367(c) statutory factors weigh against a discretionary remand. As to the first factor, Plaintiff's petition for damages does not demonstrate that Plaintiff's state law claims raise novel or complex issues of Louisiana law.[47] As to the third factor, the Court has *not* dismissed the claims over which it has original jurisdiction—namely, the ERISA equitable relief claim. Finally, as to the fourth factor, Plaintiff has not established any reason—let alone a "compelling reason"—for declining jurisdiction.[48] In light of the common law factors, the Court is further persuaded that remand is not warranted. The interest of judicial economy weighs heavily in the Court's decision.[49] Even though Defendant's notice of removal was untimely, it would not be in the interest of judicial economy to allow Plaintiff's wholly related claims to proceed simultaneously in state and federal court.[50] Having considered the statutory and common law factors, the Court

---

[46] *Hadlock v. Prudential Life Ins. Co. of Am.*, 2013 WL 12137099, at *3 (E.D. Tex. June 3, 2013) (declining to consider a discretionary remand where the plaintiffs did not argue that the statutory circumstances were met).
[47] R. Doc. 6-1 at pp. 2-4.
[48] *Bailey*, No. 4:21-cv-0917, 2022 WL 1216308, at *12 (finding the fourth factor weighed against the plaintiffs where they did not establish a compelling reason for declining jurisdiction).
[49] *Esquivel v. Downhole Tech., LLC*, No. 4:21-cv-00181, 2022 WL 2359276, at *4 (S.D. Tex. June 30, 2022) (addressing whether the exercise of supplemental jurisdiction over a plaintiff's state law claims was proper in the FLSA context) ("I firmly believe that litigation the FLSA claims and the state-law counterparts in a single forum will avoid needless litigation expenses and promote judicial economy. The state and federal claims at issue significantly overlap, arising out of Plaintiffs' employment relationship with Defendants."); *Bailey*, No. 4:21-cv-0917, 2022 WL 1216308, at *12 ("The Court finds that declining to exercise supplemental jurisdiction at this time would not be proper as the state law claims do not raise a novel or complex issue of state law; the district court has not dismissed all claims over which it has original jurisdiction; and Plaintiffs have not established a 'compelling reason' to decline jurisdiction. While the state law claims may predominate over the federal law claims, the Court finds that in the interest of judicial economy, convenience, fairness, and comity, it would be inefficient to sever the claims and create two parallel proceedings litigating the same facts.").
[50] *Id.*; *Morris v. Simsol Ins. Servs.*, 2013 WL 6590584, at *4-5 (W.D. La. Dec. 16, 2013) (declining to consider the untimeliness of defendant's notice of removal in determining whether to exercise supplemental jurisdiction over state law claims, finding timeliness is irrelevant where the court has exclusive jurisdiction).

determines the factors weigh in favor of retaining supplemental jurisdiction over Plaintiff's state law claims.[51]

Accordingly, this Court has jurisdiction over all of Plaintiff's claims, and remand would be improper.

## CONCLUSION

**IT IS ORDERED** that the motion to remand filed by Plaintiff Mary Ledet is **DENIED**.[52]

New Orleans, Louisiana, this 12th day of December, 2022.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[51] Whether or not the second statutory factor—predomination—weighs in favor of remand is of no moment. Even if it did, it is substantially outweighed by the other statutory and common law factors in the analysis. *Bailey*, No. 4:21-cv-0917, 2022 WL 1216308, at *12.
[52] R. Doc. 7.